IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC     )<br>and BAYERISCHE MOTOREN        )<br>WERKE AG,                     )<br>                               )<br>    Plaintiffs,               )<br>                               )         CIVIL ACTION NO.<br>    v.                         )          2:13cv318-MHT<br>                               )              (WO)<br>AYSAM KUVEYKA and              )<br>KUVEYKA'S IMPORTS, INC.,       )<br>dba Aysam's Import Auto        )<br>Inc.,                          )<br>                               )<br>    Defendants.                )| |

OPINION AND ORDER

Plaintiffs BMW of North America, LLC, and Bayerische Motoren Werke AG filed this lawsuit against defendants Aysam Kuveyka and Kuveyka's Imports, Inc., asserting claims based on the defendants' allegedly unauthorized use and display of BMW's Roundel logo at their automotive business, in violation of the Lanham Act, 15 U.S.C. § 1051 et seq., and Alabama law.  The plaintiffs request both monetary and injunctive relief.  The court has federal subject-matter jurisdiction pursuant to 15 U.S.C.

§ 1121 and 28 U.S.C. §§ 1331 and 1338(a) & (b), and supplemental jurisdiction under 28 U.S.C. § 1367(a).

This litigation is now before the court on two motions: (1) the defendants' motion to set aside the entries of default entered against both of them and to vacate the default judgment entered against Aysam Kuveyka; and (2) the plaintiffs' motion for default judgment against Kuveyka's Imports.  An on-the-record hearing was held on the motions.  For the following reasons, the defendants' motion will be granted and the plaintiffs' motion denied.


I.   CHRONOLOGICAL BACKGROUND

May 13, 2013: This lawsuit is filed.

January 16, 2014: Default is entered against Aysam Kuveyka.

May 16: Default judgment is entered against Aysam Kuveyka.

May 20: Default is entered against Kuveyka's Imports.

2

May 28: The plaintiffs filed their motion for default judgment against Kuveyka's Imports.

June 11: The defendants filed their motion to set aside the default entries against them and to vacate the default judgment against Aysam Kuveyka.

July 9: A hearing was held on the two motions at issue.


## II.   THE DEFENDANTS' MOTION TO SET ASIDE
## THE DEFAULTS AND TO VACATE
## THE DEFAULT JUDGMENT

### A. Entry of Default Against
### Defendant Kuveyka's Imports

Whether Kuveyka's Imports is entitled to have the default against it set aside is controlled by Fed. R. Civ. P. 55(c), which provides that, "The court may set aside an entry of default for good cause." To determine whether there is good cause, courts look to a range of factors, including "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a

meritorious defense." <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996). All these factors favor setting aside the default against Kuveyka's Imports.

First, no one with authority has accepted service on Kuveyka's Imports. While service was made on 'someone' at the company, the evidence reflects that that person did not have authority to accept service for the company. Admittedly, the plaintiffs moved to serve Kuveyka's Imports by regular mail, pursuant to Fed. R. Civ. P. 4(h)(1)(A) and Ala. R. Civ. P. 4(e). The Alabama rule permits such service when service of process is refused. As evidence of the refusal, the plaintiffs pointed to a non-agent's refusal to accept service and frequent statements that Aysam Kuveyka was out of the country and could not therefore be made available to receive service. The court granted the plaintiffs' motion, albeit without deciding whether such service would be appropriate or adequate. <u>See</u> Order (Doc. No. 16). However, in light of

4

Aysam Kuveyka's sworn affidavit that he was, in fact, out of the country and that the person who was served at the company was not authorized to receive service, the court now finds that Kuveyka's Imports had not refused service and therefore that service by regular mail was not appropriate or adequate.

Second, even if service were proper on Kuveyka's Imports, the company's default was not willful and thus the company is not culpable. The record does not reflect that the company's officers or owners were aware of this lawsuit.

Third, the plaintiffs would not be prejudiced by setting aside the default. The plaintiffs are still fully able to litigate this case. For example, at the time of entry of default, this case had been pending for only a year, and no evidence has been lost or compromised.

Fourth, Kuveyka's Imports contends that this litigation is now moot because, except for monetary

relief, it has already done all that the plaintiffs have asked for in their complaint. It appears that the company stopped infringing on BMW's mark long before the entry of default.

Fifth and perhaps most importantly, it appears that the parties are near voluntary and amicable resolution of this case. While the plaintiffs, understandably, seek an enforceable judgment to ensure future non-infringement, Kuveyka's Imports has articulated a mechanism by which effective service can be effected, and the parties appear able to agree on a stipulated judgment.

The court will therefore set aside the default against Kuveyka's Imports.

### B. Entry of Default Judgment Against Defendant Aysam Kuveyka

The court will next address whether the default judgment against Aysam Kuveyka should be vacated.

The standard for vacating a default judgment is unclear because there are conflicting directions within

6

the Federal Rules of Civil Procedure.  On the one hand, the standard for non-final orders seems to apply because the default judgment has not yet become a final judgment.  Under Fed. R. Civ. P. 54(b), a final judgment against one party, where the case is going forward against one or more other parties, is not final unless the court finds that "there is no just reason for delay."  Without a finding regarding delay, this rule states that the judgment "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  This court has made no such finding, implicitly or explicitly, cf. Denson v. United States, 574 F.3d 1318, 1335 n.52 (11th Cir. 2009) (recognizing implicit finding that there was no just reason for delay), despite the fact that the case is still ongoing against the company.

On the other hand, Fed. R. Civ. P. 55, which governs defaults, explicitly provides that the court "may set aside a default judgment under [Fed. R. Civ. P.]

7

60(b)." Rule 60 (b) provides that, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a number of specified reasons, including "mistake, inadvertence, surprise, or excusable neglect; ... the judgment is void; ... or ... any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of <u>all</u> the facts." <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 401 (5th Cir. Jan. 26, 1981), <u>cert.</u> <u>denied</u>, 399 U.S. 927 (1970) (internal quotation removed) (emphasis in original).[*]

    Therefore, in determining whether the default judgment against Aysam Kuveyka should be vacated, this court is confronted with the question of whether to apply Rule

---

[*]The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

60(b)'s "strict standard envisioned for final judgments" or Rule 54(b)'s "more liberal standard" envisioned for "non-final judgments."  Federal Deposit Ins. Corp. v. Francisco Investment Corp., 873 F.2d 474, 478 (1st Cir. 1989).

This court will follow the guidance of the Court of Appeals for the First Circuit: "Generally, non-final judgments can be set aside or otherwise changed by the district court at any time before they become final. Fed.R.Civ.P. 54(b). If we were to apply the [Rule] 60(b) standard to non-final default judgments we would have the anomaly of using the strict standard envisioned for final judgments to non-final default judgments and the more liberal standard of Rule 54(b) to other non-final judgments. This result would be inconsistent with the purposes underlying the Federal Rules of Civil Procedure, especially considering that when deciding whether to set aside entries of default and default judgments courts favor allowing trial on the merits." Francisco Investment Corp.,

873 F.2d at 478; accord Dassault Systemes, SA v. Childress, 663 F.3d 832, 840 (6th Cir. 2011); Hinson v. Webster Industries, 240 F.R.D. 687, 691 (M.D. Ala. 2007) (DeMent, J.); see also O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1401 (7th Cir. 1993) (citing Francisco Investment Corp. approvingly without deciding which standard applies).

Therefore, for the reasons set forth in Francisco Investment Corp., this court concludes that, in deciding whether the default judgment against Aysam Kuveyka should be vacated, Rule 54(b)'s standard, envisioned for non-final judgments, should apply. Nevertheless, while Rule 54(b) provides that a non-final judgment "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b), the court's discretion to revise under such circumstances should not be unbridled. As the esteemed Judge Friendly recognized in a slightly different context, "where litigants have once battled for the court's

10

decision, they should neither be required, <u>nor without good reason permitted</u>, to battle for it again."  <u>Zdanok v. Glidden Co.</u>, 327 F.2d 944, 953 (2d Cir. 1964) (emphasis added).

Essentially, for the same reasons the court gave for finding Rule 55(c) "good cause" to set aside the default against Kuveyka's Imports, the court finds Rule 54(b) "good reason" to vacate the default judgment against Aysam Kuveyka.  First, no one with authority to accept service has accepted service on him.  The evidence reflects that there is deep confusion surrounding service on him.  The service return states that service was made on an "Elisa Kuveyka," but there is no woman Aysam Kuveyka knows by that name.  Therefore, the whole basis for the plaintiffs' claimed service on Aysam Kuveyka is insufficiently reliable, and, as a result, proper service was never effected on him.  Second, even if service were proper on Aysam Kuveyka, his default was not willful and thus he is not culpable.  Even if the court were to speculate that the

11

person who was handed the service paper was his wife, the evidence reflects that she would not have known what she was accepting because of her limited proficiency in English.  Third, as in the instance of Kuveyka's Imports, the plaintiffs would not be prejudiced by vacating the default judgment.  As explained above, the plaintiffs are still fully able to litigate this case.  Fourth, Aysam Kuveyka contends, as did Kuveyka's Imports, that this litigation is now moot because, except for monetary relief, it has already done all that the plaintiffs have asked for in their complaint.  Fifth and perhaps most importantly, as in the instance of Kuveyka's Imports, it appears that the plaintiffs and Aysam Kuveyka are near voluntary and amicable resolution of this case.  The same as Kuveyka's Imports, Aysam Kuveyka has articulated a mechanism by which effective service can be effected, and the parties appear able to agree on a stipulated judgment.

    Moreover, even if Rule 60(b), rather than Rule 54(b) applied, the court would still vacate the default judgment

against Aysam Kuveyka for the above reasons.  Each of the above reasons "justifies relief."  Fed. R. Civ. P. 60(b)(6).

The court will therefore vacate the default judgment against Aysam Kuveyka.


### C.  Entry of Default Against Defendant Aysam Kuveyka

As stated above, default was entered against Aysam Kuveyka.  The <u>default</u> against him will be set aside for same reasons, given above, that the <u>default judgment</u> against him will be vacated.


### III.  THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KUVEYKA'S IMPORTS

The court will not enter <u>default judgment</u> against Kuveyka's Imports for same reasons, given above, that <u>default</u> should be set aside against the company.  The plaintiffs' motion for default judgment against Kuveyka's Imports will be denied.

13

* * *

Accordingly, it is ORDERED as follows:

(1) Defendants Aysam Kuveyka and Kuveyka's Imports, Inc.'s motion to vacate the default judgment against Kuveyka and set aside the entries of default (Doc. No. 29) is granted as follows: (a) the default judgment against defendant Aysam Kuveyka (Doc. No. 24) is vacated; and (b) the entries of default against defendants Aysam Kuveyka and Kuveyka's Imports, Inc. (Doc. Nos. 20 & 26) are set aside.

(2) Plaintiffs BMW of North America, LLC, and Bayerische Motoren Werke AG's motion for default judgment against defendant Kuveyka's Imports, Inc. (Doc. No. 27) is denied.

It is further ORDERED that the parties are allowed until August 15, 2014, to notify the court whether they have settled this case.  If they have not, the court will proceed with the litigation of this case.

DONE, this the 15th day of July, 2014.

                         /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE